UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| LeVance Addison, #28151 | ) | Civil Action No.: 5:16-cv-02855-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kenny Boone, FCSO; and | ) | |
| Wayne Bird, DCSO; | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff LeVance Addison, proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his due process rights because he was not served with a warrant for his alleged criminal acts, and he was not provided a probable cause hearing. [ECF #1, p. 5]. His stated claims for relief are due process of law, false imprisonment, color of state, and illegal transfer. [ECF #1, p. 5]. This matter is before the Court after issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Thomas E. Rogers, filed on August 24, 2016. [ECF #9]. This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e). In the R&R, the Magistrate Judge recommends summary dismissal of Plaintiff's Complaint. On September 12, 2016, Plaintiff filed a motion to amend/correct his complaint [ECF #12]. That same day, Plaintiff filed a document titled "Response to Report and Recommendation," which this Court will construe as Plaintiff's objections to the R&R. This matter is now before the Court for review.

1

**Background**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on August 15, 2016, naming Sheriff Kenny Boone and Sheriff Wayne Bird[1] as Defendants in their official capacities. [ECF #1, pp. 2-3]. He alleges that on June 29, 2016, he was arrested for check fraud by the Florence County Police Department. [ECF #1, p. 5]. While being questioned regarding this incident, he claims an individual named Neil Cusack with the Darlington County Investigator's office was called regarding pending charges in Darlington County. [ECF #1, p. 5]. Plaintiff further alleges that he was turned over to Mr. Cusack and taken to the Darlington County Detention Center. [ECF #1, p. 5]. Plaintiff alleges that because he was not served with a warrant for the arrest in Florence County, and further, was not allowed the right to request a probable cause hearing, Defendants violated his due process rights. [ECF #1, p. 5]. The relief he requests is for the State to "follow rules of law when probable cause hearing and warrant has not been served within the required time." [ECF #1, p. 9].

On August 24, 2016, the Magistrate Judge issued his R&R recommending summary dismissal of Plaintiff's claims against Kenny Boone and Wayne Byrd because Plaintiff's complaint is deficient in that he does not demonstrate these officers personally caused or played a role in the deprivation of any federal right. [ECF #9, p. 5]. The Magistrate Judge makes this recommendation based on the fact that Plaintiff failed to allege any facts suggesting these Defendants had a role in any alleged harm or should otherwise be subject to liability based on their roles as superiors in the department pursuant to §1983.

On September 12, 2016, Plaintiff filed his response to the R&R. Within that response, Plaintiff alleges that he was not arrested or given a bond related to fraud charges stemming from his actions on

---

[1] The correct spelling for the former sheriff of Darlington County is Wayne Byrd.

2

June 14, 2016 in Darlington, which contradicts the information in the public records cited in the R&R. [ECF #11, p. 1]. Further, Plaintiff includes public documents attached to his motion to amend complaint, which shows a warrant issued for that incident, as well as a hearing notice to appear in court for several fraud charges. [ECF #13-1, p. 1]. Plaintiff further disputes the fact that he has not made out a cognizable claim against Sheriff Byrd because he alleges that he stated in his Complaint that Mr. Cusack "received Plaintiff out of Florence County into Darlington County," and Sheriff Byrd is Mr. Cusack's superior. [ECF #11, p. 2]. Similarly, he alleges that Officer Bandister in the Florence County Sheriff's office, handed over the Plaintiff to Officer Cusack, and that Sheriff Kenny Boone is his superior.[ECF #11, p. 2]. Thus, he believes that the fact that these two Defendants are superiors in their respective department proves the causal connection to establish supervisory liability in a § 1983 action as contemplated by *Shaw v. Stroud,* 13 F.3d 791, 499 (4th Cir. 1994). It appears Plaintiff also argues that he notified both Defendants of the alleged due process violations via letter, but they did not respond, constituting "deliberate indifference" to his rights. [ECF #11, p. 3]. Plaintiff also filed a Motion to Amend Complaint on September 12, 2016. [ECF #13]. Within this pleading, he seeks to add Investigator Bandister as a Defendant. [ECF #13, p. 1]. Plaintiff alleges within this pleading that he sent a letter to both Sheriff Boone and Sheriff Byrd notifying them that his rights were allegedly violated because he was not served a warrant or given a preliminary hearing in Florence County. [ECF #13, p. 2]. Plaintiff further alleges that he wrote Florence County Magistrate Judge Cooper on July 29, 2016 to inform him that his rights were being violated, but he did not receive a reply. [ECF #13, p. 2]. Thus, he also seeks to add Judge Cooper as a Defendant, as well.

**Standards of Review**

**I.     Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**Discussion**

**I. Defendants Boone and Byrd**

This Court agrees with the Magistrate Judge that Plaintiff fails to state a plausible claim against these two sheriffs in this lawsuit. Plaintiff names these two individuals in the lawsuit because he alleges they are the superiors to the officers who allegedly violated his rights. First, in South Carolina, a sheriff

and his deputies are considered state officials. *Cone v. Nettles*, 308 S.C. 109, 417 S.E.2d 523, 523-25, (S.C. 1992). A suit against a sheriff in federal court, brought in his official capacity, is barred by the Eleventh Amendment. *McConnell v. Adams*, 829 F.2d 1319, 1328-29 (4th Cir. 1987); *see also Wyatt v. Fowler*, 326 S.C. 97, 484 S.E.2d 590, 593 (S.C. 1997) ("a sheriff is not liable in his official capacity under §1983"). Accordingly, Plaintiff's claims against these individuals should be summarily dismissed.

Even if these sheriffs were sued in their individual capacity, Plaintiff's claims would still fail. Generally, vicarious liability or respondeat superior is not an available avenue of relief under §1983. *Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). However, in *Shaw v. Stroud*, the Fourth Circuit outlines a limited exception to this prohibition provided the following three part test is met: (1) actual or constructive knowledge that a supervisor's subordinate was engaged in conduct posing a "pervasive or unreasonable risk" of constitutional injury; (2) the response to that knowledge was so inadequate as to show "deliberate indifference to or tact authorization of the alleged offensive practices; and (3) there is an "affirmative causal link" between the supervisor's inaction and the injury suffered by plaintiff. 13 F.3d 791, 799 (4th Cir. 1994).

Plaintiff's only allegation wherein he tries to connect the sheriffs to the incident in question is that he wrote a letter after the incident occurred explaining to them what happened, but he never received a response from either sheriff. This allegation does not suffice to meet the standard set forth above. Furthermore, Plaintiff's claimed injury is loss of liberty; however, he is apparently being held in Darlington County for charges that are pending in that case, as opposed to the charges related to the Florence County arrest. Thus, based on the bare allegations alleged in this case, this Court agrees with

the Magistrate Judge that Plaintiff has failed to state a claim against these two Defendants under § 1983, and accordingly these claims should be summarily dismissed.

**II. Motion to Amend Complaint**

A. Judge Cooper

Plaintiff seeks to add Judge Cooper of the Florence County Magistrate Court to this action because he alleges he wrote a letter to Judge Cooper to inform him that Plaintiff's due process rights were being violated. First, it does not appear that Plaintiff makes a cognizable claim against Judge Cooper based on these set of facts. Furthermore, even if Plaintiff's Motion to Amend Complaint could conceivably be construed as raising any cognizable claim against Judge Cooper, these claims are barred by the doctrine of judicial immunity. *See McCray v. State of Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (expressing the power of judicial immunity even against allegations of malice or corruption, and explaining that judges must be able to exercise discretion effectively without fear of litigation). Accordingly, this Court denies Plaintiff's motion to amend the Complaint to include Judge Cooper, as such an amendment would be futile in this case.

B. Officer Bandister

Plaintiff also seeks to add Officer Bandister to his Complaint, however he does not indicate or otherwise allege any specific facts with respect to Officer Bandister's alleged actions within this pleading. [ECF #13, p. 1]. In his Motion to Amend Complaint, he simply seeks to add Officer Bandister with the Florence County Sheriff's Department as a Defendant. [ECF#13, p. 1]. Instead, in the Response to the Report and Recommendation, Plaintiff alleges that Officer Bandister "was the one who handed Plaintiff over to Officer Cusack." [ECF #11, p. 2]. This bare allegation does not state a claim for relief under § 1983. In order to state a claim for relief under § 1983 against a state actor, a

6

"causal connection" must exist between the alleged conduct and the particular defendant named in the lawsuit. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (noting that a plaintiff must show that the named defendant acted personally in the deprivation of plaintiff's rights); *see also Jackson v. Pantazes*, 810 F.2d 426, 428 (4th Cir. 1987 (explaining that an officer exercising his official powers is a state actor under § 1983). Here, acting at the request of another municipality, Officer Bandister allegedly effectuated Plaintiff's transfer to the custody of a Darlington investigator. However, Plaintiff does not allege that Officer Bandister was involved in any alleged failure to provide him with a warrant or a probable cause hearing. It appears from Plaintiff's Motion to Amend Complaint, that a copy of a warrant was delivered to him on June 30, 2016 for charges related to a forgery charge for actions that occurred on June 14, 2016. [ECF#13-1, p. 2]. Plaintiff also attaches a notice to appear at the Darlington County Courthouse, which appears to include several charges. [ECF #13-1, p. 1]. However, these documents do not in any way indicate that Mr. Bandister was involved in the alleged deprivation of Plaintiff's constitutional rights. Accordingly, this Court denies the request to add Mr. Bandister as a party to this action, as Plaintiff has not alleged any facts to suggest he has a plausible § 1983 claim against this individual and such an amendment would be futile in this case.

### Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint [ECF #1], the Magistrate Judge's Report and Recommendation [ECF #9], Plaintiff's Response to Report and Recommendation [ECF #11], Plaintiff's Motion to Amend Complaint ECF #13], and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates the Report and Recommendation of the Magistrate Judge. [ECF #9]. While this Court considered the additional allegations set forth in Plaintiff's motion to amend

complaint, Plaintiff still failed to state any plausible claims against any of the named Defendants or the Defendant he requested be added as a party to this lawsuit, and any such amendment is "futile." Accordingly the Motion to Amend Complaint [ECF #13] is **DENIED**.

  **IT IS THEREFORE ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** and without service of process.

  **IT IS SO ORDERED**.

Florence, South Carolina                s/ R. Bryan Harwell
October 24, 2016                    R. Bryan Harwell
                            United States District Judge